IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-26 Erie |
| | ) | |
| GEORGE L. EBERLE | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and avers as follows:

On June 8, 2005, a federal grand jury returned a four count indictment against Eberle charging him with one count of conspiracy to produce material depicting the sexual exploitation of a minor (18 U.S.C. § 371), one count of production of material depicting the sexual exploitation of a minor (18 U.S.C. § 2251(a)), one count of receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(2)), and one count of possession of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(4)(B)).

Eberle has filed a Motion to Compel Discovery arguing that the government should be compelled to provide him with a mirror image of the computer hard drive at issue so that it may be examined by his computer expert.  Eberle's Motion to Compel

Discovery should be denied for three reasons. First, it is contrary to the prevailing case law. Second, the government has offered to allow Eberle's computer expert to examine and analyze the hard drive at the FBI's offices in Pittsburgh.[1] Third, the government has already provided defense counsel access to the child pornography images retrieved from Eberle's computer.

It is undisputed that child pornography is illegal contraband. United States v. Kimbrough, 69 F.3d 723, 731 (5th Cir. 1995); cert. denied, 517 U.S. 1157 (1996); See State v. Ross, 792 So. 2d 699 (Fla App. 5 Dist. 2001)(adopting Kimbrough in reversing trial court order requiring disclosure of copies of alleged child pornography). In Kimbrough, the defendant was charged with possession of various items of child pornography and sought an order compelling the government to allow him to copy those images so that his expert could examine them. The government refused to allow Kimbrough to copy the items but did offer to allow the expert to examine the items at the United States Customs office, the United States Attorney's office or at defense counsel's office. Kimbrough then moved for dismissal of multiple counts of the indictment based on the government's refusal to allow the copying.

---

[1] The forensic computer examination of the Eberle's computer was conducted by Erie County Detective Jessica Lynn who is employed by the Erie County District Attorney's office. Due to space and equipment constraints, the Erie County District Attorney's Office is not able to accommodate a defense computer expert at their offices. As a result, the FBI has agreed to provide space for the defense expert to conduct his analysis of the hard drive at their offices in Pittsburgh.

The trial court denied Kimbrough's motion to dismiss. Id. at 730-32.

Because child pornography is contraband, the Fifth Circuit in Kimbrough refused to find that Rule 16 requires that it be provided to or copied by the defense. Id. at 732. Moreover, the Kimbrough court found that the "Government's offer to make the materials available for inspection but not allow them to be copied was reasonable." Id.

Likewise, the Eighth Circuit in United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999), cert. denied, 529 U.S. 1029 (2000), upheld the denial of a defendant's motion to compel discovery in a child pornography case. Horn claimed that he was entitled to have copies of the child pornography videotapes that were to be used against him at trial, so that his expert may review and evaluate the tapes. Id. The trial court denied the motion after holding that the government's offer to allow Horn's expert to view the tapes would accomplish the same objective as providing Horn copies of the videotapes. Id. The Eighth Circuit agreed, holding that because the videotapes were *prima facie* contraband, the trial court's restriction was authorized under Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Id.

Subsequent to Kimbrough and Horn several district courts have addressed discovery issues in the child pornography realm. The district court in United States v. Cox, 190 F.Supp.2d 330, 334

(N.D. NY 2002) denied a defendant's motion for protective order requiring the government to provide the defendant with copies of the physical evidence, including his computer.  The defendant, who was charged with child pornography related offenses, claimed that he needed to be able to examine copies of the evidence to prepare for trial.  The district court denied the request noting that the material at issue was contraband and that the government had offered to allow the defense to inspect the evidence.

The defendant in United States v. Husband, 246 F.Supp.2d 467 (E.D. VA 2003), sought the discovery of a videotape which was the primary piece of evidence in the government's child exploitation case against him.  Due process required, according to the defendant, that he be provided a copy of the tape in question so that he could have an expert examine the tape and attempt to determine the age of the person depicted.  The government, arguing that the tape was contraband, refused to provide a copy of it and instead allowed the defense full access.  The district court agreed with the government.  The court found that the tape was contraband and refused to order the government to provide a copy to the defense.  Id. at 469. Likewise, the court found that the government met its obligations under Rule 16 of the Federal Rules of Criminal Procedure by allowing the defense access to the tape. Id.

These issues were also addressed by the district court in United States v. Hill, 322 F.Supp.2d 1081, 1091-92 (C.D. CA 2004).

In <u>Hill</u> the district court ordered the government to provide two copies of the subject computer hard drive to the defense. The court distinguished the decisions in <u>Kimbrough</u> and <u>Horn</u> by reasoning that neither decision holds "that a district court would abuse its discretion if it were to order the government to produce copies of the materials." <u>Id</u>. at 1091. The court further found that the defense would be seriously prejudiced if they did not have copies of the computer evidence because the access to the computer evidence offered by the government was inadequate. <u>Id</u>. at 1091-92. Likewise, the court reasoned that there was no indication that defense counsel or his expert could not be trusted with the material. <u>Id</u>. at 1092.

Lastly, in <u>United States v. Fabrizio</u>, 341 F.Supp.2d 47 (D. Mass 2004), the district court, relying significantly upon the decision in <u>Hill</u>, ordered the government to provide copies of the child pornography images seized from the defendant's computer to defense counsel.

While offering no response to the Eighth Circuit's reasoning in <u>Horn</u>, Eberle merely mocks the Fifth Circuit's reasoning in <u>Kimbrough</u> as "nonsensical." Eberle then proceeds to support his assessment by arguing that providing the child pornography to his computer expert is the same as providing it to a jury at the close of a trial. This argument strains credulity for the simple reason that a jury plainly does not have the

5

complete dominion over the contraband that a defense expert would have. Jurors cannot copy the child pornography or take it home with them. Eberle's argument that contraband is possessed in the court system on a daily basis ignores the essential fact that such "possession" does not involve the complete control which he seeks in this case.

The district court decisions in <u>Hill</u> and <u>Fabrizio</u> are not persuasive for several reasons. First, both courts erroneously refused to follow <u>Kimbrough</u> and <u>Horn</u>. The district court in <u>Hill</u> reasoned that the <u>Kimbrough</u> and <u>Horn</u> courts did not hold that ordering production of child pornography would be an abuse of discretion. This reasoning is illogical because the court's actual holding made such an expansive holding unnecessary. There was absolutely no reason for either court to hold that a discovery order would not have been an abuse of discretion after the court had just affirmed the district court's denial of the discovery request. The decisions in <u>Kimbrough</u> and <u>Horn</u> do not lose precedential value merely because those courts refused to issue a blanket rule to cover all such situations.

Second, the <u>Hill</u> and <u>Fabrizio</u> courts do not adequately explain how the defendants were prejudiced by the government's offer to make the materials available at the FBI's offices. Much is made of the fact that a defense expert will have to travel to view the material. No inquiry is made, however, of why an expert

living so far away was retained in the first place. Defense counsel is responsible for any alleged prejudice caused by expert travel after having chosen such a distant expert.

Third, neither the <u>Hill</u> nor the <u>Fabrizio</u> court placed proper weight on the nature of the evidence in question. The material at issue here involves the most heinous, brutal and objectionable victimization of children imaginable. Eberle's computer was loaded with images of young boys engaged in all manner of sexual acts. It is absurd to ignore the government's legitimate concern over the dissemination of such filth and instead focus on alleged inconvenience to the defense expert. Especially when the government has offered the compromise of access to the material at the FBI.

Eberle also argues that he must be provided a copy of the hard drive because of the complexity of the issues involved in his case, as evidenced chiefly by the government's own search warrant affidavit. He is mistaken. The Supreme Court in <u>United States v. Cronic</u>, 466 U.S. 648, 663 (1984), reasoned that:

> The Government's task of finding and assembling admissible evidence that will carry its burden of proving guilt beyond a reasonable doubt is entirely different from the defendant's task in preparing to deny or rebut a criminal charge. Of course, in some cases the rebuttal may be equally burdensome and time consuming, but there is no necessary correlation between the two.

The government's examination of Eberle's hard drive has made any defense analysis much easier by pinpointing the images possessed and the manner in which Eberle transported, received and possessed the images. Eberle claims that his computer expert has to essentially recreate the analysis performed by the government's expert. Any defense analysis will be made much easier because the government has already provided the road map. If a defense expert chooses to throw away the map and start from scratch that is a strategic decision undertaken by the defense. Nothing in the controlling jurisprudence requires the government to provide contraband images [2] so that a defendant's strategic decisions can be accommodated.

Eberle's claim that he needs to be able to generate original images so that they may be properly viewed by his expert is completely unsubstantiated. Eberle has simply provided no reason why an original image provided to him by the government is insufficient. The identity of the expert printing an image does not alter the quality of the image.

---

[2] Eberle also argues that he needs a copy of the hard drive so that he may determine the threshold issue of whether the images are even contraband. His argument is faulty for several reasons. First, in Horn, the Eighth Circuit found that child pornography was *prima facie* contraband. Second, the return of the indictment against Eberle necessarily means that there is probable cause to conclude that the images are child pornography. Third, defense counsel has already had the opportunity to view the images and see that they are child pornography. Fourth, Eberle has failed to establish why a full blown computer examination is required to determine whether images are child pornography. A mere viewing of the images is more than sufficient to make that determination.

Moreover, the government has offered to allow Eberle's computer expert to examine the mirror images of the hard drive at the FBI's offices in Pittsburgh. Such access to the data on the hard drives would allow defense counsel to effectively represent Eberle by having a defense expert ensure that the law enforcement analysis of the hard drive was correct and accurate. While Eberle is correct that computer analysis is a complex process, the government has placed no time limit on the defense expert's access to the hard drive, precisely so that the defense expert can take as long as is necessary to conduct a thorough examination. Likewise, the government has not told defense counsel that a county detective or FBI agent will be looking over the defense expert's shoulder during his examination. Rather, reasonable and ordinary steps will be taken to ensure that the evidence is not damaged and the chain of custody is preserved. By allowing the defense expert to examine the hard drive at the FBI's offices in Pittsburgh, the government has taken the essential and sensible steps to alleviate and address all of the concerns raised by Eberle in his Motion to Compel Discovery. Most importantly, the government has already provided defense counsel access to the child pornography images retrieved from Eberle's computer.

In view of the steps already taken by the government there is no need for the protective order proposed by the defense. In any event, Eberle's request for a protective order should be

denied as it does nothing to address the government's legitimate concern about a defense expert having complete control over the child pornography.

Perhaps most importantly, this Court has already agreed with the government on this same discovery issue in <u>United States v. Kosteniuk</u> and <u>United States v. Proctor</u>. Eberle has advanced nothing new which should cause this Court to reverse its earlier decisions.

Moreover, the government respectfully contends that Judge Cohill wrongly decided this same issue in <u>United States v. Oesch</u> and <u>United States v. Kuzdzal</u>. The protective order issued by Judge Cohill in those cases does not adequately address the government's legitimate concern over the loss of control of contraband images of child pornography.

Further, the decisions in <u>Oesch</u> and <u>Kuzdzal</u> stand in direct opposition to the refusal of Judge William L. Standish in <u>United States v. Scott Tyree</u>, to compel the government to turn over contraband images of child pornography to defense counsel.

In conclusion, it is apparent that the government has acted in good faith by taking the reasonable and appropriate steps to provide Eberle access to the evidence. The only two Courts of Appeals to have examined the issue agree with the government. The government's interest in preventing the dissemination of these horrific images of child exploitation plainly outweighs Eberle's

effort to provide his expert the most convenient and comfortable place to do his work.

    Wherefore, the government respectfully requests that Eberle's Motion to Compel Discovery be denied.

                                      Respectfully submitted,

                                      MARY BETH BUCHANAN
                                      United States Attorney

                                      <u>s/Christian A. Trabold</u>
                                      CHRISTIAN A. TRABOLD
                                      Assistant U.S. Attorney
                                      Pa ID No. 75013