IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-26 E |
| | ) | **HEARING REQUESTED** |
| GEORGE L. EBERLE | ) | |

### DEFENDANT GEORGE L. EBERLE'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

AND NOW, comes the defendant, George L. Eberle, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and files the within Motion to Strike Surplusage from the Indictment and in support thereof sets forth as follows:

Mr. Eberle has previously filed an omnibus pretrial motion that included motions to suppress and motions to sever counts and defendants. That motion sets out the facts of the case in detail and will not be repeated here.

Count one of the indictment charges Mr. and Mrs. Eberle with violating Title 18 U.S.C. § 371 by conspiring to violate Title 18 U.S.C. § 2251(a). Specifically, the indictment alleges that "defendants GEORGE L. EBERLE and ALESHA M. EBERLE conspired and agreed to use, persuade, induce, entice, and coerce a minor female to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, in **which visual depictions were actually transported in interstate of foreign commerce.**" (emphasis added). The indictment alleges that it was part of the conspiracy that Mr. and Mrs. Eberle had the female victim come into their bedroom and disrobe.

1

The indictment further alleges that Mr. and Mrs. Eberle then took sexually explicit photographs of the minor female victim and then showed the photographs to the victim. Paragraph 5 of count one then alleges that "[i]t was further a part of the conspiracy that defendant GEORGE L. EBERLE then engaged in sexual intercourse with the minor female, while defendant ALESHA M. EBERLE videotaped the sexually explicit conduct with a video camera she had retrieved from another area of the residence." The indictment charges six overt acts taken in furtherance of the conspiracy. Included in the overt acts alleged are Mr. Eberle engaging in sexual intercourse with the victim and Mrs. Eberle videotaping the sexual intercourse.

Federal Rule of Criminal Procedure 7(d) authorizes this Court to strike surplusage from the indictment. "[T]he court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial." United States v. Hedgepeth, 2006 WL 60665, *3 (3rd Cir. 2006). The allegations concerning sexual intercourse between Mr. Eberle and the victim alleged in count one are irrelevant to the charged conspiracy and are highly prejudicial. Accordingly, this Court should order all references to the alleged sexual intercourse between Mr. Eberle and the victim, and Mrs. Eberle's alleged videotaping of the incident, stricken from the indictment.

The conspiracy alleged in the indictment is a conspiracy to manufacture child pornography that was actually transported in interstate or foreign commerce. The interstate or foreign commerce allegations is necessary to prove a violation of Title 18 U.S.C. § 2251(a). Without an interstate commerce connection, manufacturing child pornography is not a federal crime. The interstate commerce connection alleged in this case is that the images of child pornography allegedly manufactured were actually transported in interstate commerce.

As the Court will recall, counts one and two of the indictment are based on the victim's claim

that Mr. and Mrs. Eberle took photographs of her partially nude and completely nude with their web cam. The government intends to establish the interstate commerce nexus required to make this a federal crime by attempting to prove that Mr. Eberle uploaded the photographs to his Yahoo! my photo's account. If the government can prove these allegations, it would establish a violation of federal law.

The same can not be said for the alleged videotape made by Mrs. Eberle of Mr. Eberle having sexual intercourse with the victim. This videotape had not been recovered, and there is no evidence that the videotape, if it ever existed, traveled in interstate or foreign commerce. Without any evidence to establish an interstate commerce nexus with the videotape, the making of the videotape would not violate any federal law and certainly not Title 18 U.S.C. § 2251(a). Furthermore, the videotaping of the sexual intercourse was not in furtherance of the conspiracy to manufacture the photographs that were uploaded to Yahoo! as that offense had been successfully completed **before** the videotaping occurred.

Since count one charges a conspiracy to violate Title 18 U.S.C. § 2251(a), and the government has no evidence to establish that making the videotape violated, or was intended to violate, § 2251(a), and the making of the videotape was not in furtherance of the charged conspiracy, the allegations concerning the sexual intercourse and the videotape are not relevant to the charged offense. The prejudicial nature of the surplusage is plain. Accordingly, the Court should strike paragraphs 5, 6(e) and 6(f) from count one of the indictment.

WHEREFORE, the defendant, George L. Eberle, respectfully requests that this Honorable Court strike paragraphs 5, 6(e) and 6(f) from count one of the indictment.

Respectfully submitted,


/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653