IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 05-26 Erie |
| | ) | |
| GEORGE L. EBERLE | ) | |
| ALESHA M. EBERLE | ) | |

### SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a three-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Transportation of material depicting the sexual exploitation of a minor In and around September 2001 | 18 USC §2252(a)(1) | George Eberle |
| 2 | Possession of material depicting the sexual exploitation of a minor In and around September 2001 | 18 USC §2252(a)(4)(B) | George Eberle |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 3 | Possession of material depicting the sexual exploitation of a minor<br>In and around March 2005 | 18 U.S.C. §§2252(a)(4)(B) and 2 | George Eberle<br>Alesha Eberle |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Count 1:

In order for the crime of transportation of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(1) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.  That the defendant knowingly transported or shipped a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail.

>   Title 18, United States Code, Section 2252(a)(1); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

    2.  That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

>   Title 18, United States Code, Section 2252(a)(1)(A); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct.

>Title 18, United States Code, Section 2251(a)(1)(B).

**B. As to Counts 2 and 3:**

In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items, which contained a visual depiction of a minor engaging in sexually explicit conduct.

>Title 18, United States Code, Section 2252(a)(4)(B).

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

>Title 18, United States Code, Section 2252(a)(4)(B).

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

>Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

A. **As to Count 1: Transportation of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(1)):**

1. Imprisonment of not more than fifteen (15) years, but if the defendant has a prior conviction under this chapter, Chapter 109A or Chapter 117, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than five (5) years nor more than thirty (30) years.

2. A fine of $250,000 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of up to life (18 U.S.C. §3583(k)).

4. Any or all of the above.

B. **As to Count 2: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(4)(B)):**

1. Imprisonment of not more than five (5) years, but if such person has a prior conviction under this chapter, Chapter 109A or Chapter 117, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined

under this title and imprisoned not less than two (2) years nor more than ten (10) years.

    2.   A fine of $250,000 (18 U.S.C. §3571(b)(3)).

    3.   A term of supervised release of up to life (18 U.S.C. §3583(k)).

    4.   Any or all of the above.

**C.**   **As to Count 3: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(4)(B)):**

    1.   Imprisonment of not more than ten (10) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

    2.   A fine of $250,000 (18 U.S.C. §3571(b)(3)).

    3.   A term of supervised release of up to life (18 U.S.C. §3583(k)).

IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

V. **RESTITUTION**

Restitution may be required in this case as to Counts One, Two and Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§3663, 3663A and 2259.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_____
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013