

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*Room A330*
*17 South Park Row*
*Erie, Pennsylvania 16501-1158*        *814/452-2906*

June 21, 2006

Thomas W. Patton, Assistant
Federal Public Defender
1111 Renaissance Centre
1001 State Street
Erie, Pennsylvania  16501

Re:  United States of America v.
     GEORGE L. EBERLE
     Criminal No. 05-26 Erie



Dear Mr. Patton:

This letter sets forth the agreement by which your client, GEORGE L. EBERLE, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between GEORGE L. EBERLE and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, GEORGE L. EBERLE will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.  The defendant, GEORGE L. EBERLE, agrees to the following:

        1.  He will enter a plea of guilty to Count One of the Superseding Indictment at Criminal No. 05-26 Erie, charging him with violating Title 18, United States Code, Section 2252(a)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

June 21, 2006
Page 2

2. He acknowledges his responsibility for the conduct charged in Count Two of the Superseding Indictment at Criminal No. 05-26 Erie and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in imposing sentence.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, GEORGE L. EBERLE agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

4. At the time GEORGE L. EBERLE enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. As required by 18 U.S.C. §§3563(a)(8), 3583(d), and 4042(c)(4), GEORGE L. EBERLE agrees to report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision, and further agrees to register as a convicted sex offender under the law of any state in which he resides, is employed, carries on a vocation, or is a student.

6. GEORGE L. EBERLE waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, GEORGE L. EBERLE may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, GEORGE L. EBERLE may take a direct appeal from the sentence.

June 21, 2006
Page 3

    The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

    GEORGE L. EBERLE further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

 B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

  1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Superseding Indictment at Criminal No. 05-26 Erie, without prejudice to their reinstatement if, at any time, GEORGE L. EBERLE is permitted to withdraw his plea of guilty. In that event, GEORGE L. EBERLE waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of GEORGE L. EBERLE in the offenses charged in the Superseding Indictment and of any other matters relevant to the imposition of a fair and just sentence.

  3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and GEORGE L. EBERLE timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

June 21, 2006
Page 4

        4.    The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    GEORGE L. EBERLE and the United States Attorney further understand and agree to the following:

        1.    The penalty that may be imposed upon GEORGE L. EBERLE is:

            (a)    A term of imprisonment of not more than fifteen (15) years, but if the defendant has a prior conviction under this chapter, Chapter 109A or Chapter 117, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than five (5) years nor more than thirty (30) years;

            (b)    A fine of $250,000;

            (c)    A term of supervised release of up to life;

            (d)    A special assessment under 18 U.S.C. §3013 of $100.

        2.    This agreement does not preclude the government from pursuing any civil or administrative remedies against GEORGE L. EBERLE or his property.

        3.    The parties agree that, although charges are to be dismissed pursuant to this agreement, GEORGE L. EBERLE is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). GEORGE L. EBERLE waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between GEORGE L. EBERLE and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

June 21, 2006
Page 5

Very truly yours,

*Mary Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Thomas W. Patton, Assistant Federal Public Defender, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_George L. Eberle_
GEORGE L. EBERLE

_8/1/06_
Date

Witnessed by:

_Thomas W. Patton_
THOMAS W. PATTON, ASSISTANT
FEDERAL PUBLIC DEFENDER
Counsel for GEORGE L. EBERLE