IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-26 E |
| | ) | |
| GEORGE L. EBERLE | ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the defendant, George L. Eberle, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Position With Respect To Sentencing Factors. In support thereof, counsel states:

Mr. Eberle has two minor corrections to the presentence report. Paragraph 37 of the report states that Mr. Eberle described his father as a "freeloader." Mr. Eberle did not refer to his father as a freeloader but rather referred to Wesley Proper, who, as described in paragraph 38, his mother married after divorcing his father, as a freeloader. Additionally, Mr. Eberle's mother divorced Mr. Proper about a year before Mr. Proper died. Finally, Mr. Eberle disputes the assertions of his wife contained in paragraph 52 that he used alcohol and Vicodin to get high. Mr. Eberle did not abuse alcohol or Vicodin. To put it mildly, Mrs. Eberle is not an objective source of information as the presentence report details Mr. and Mrs. Eberle's long history of mutual antagonism.

Mr. Eberle agrees with the Addendum to the Presentence Report that the total offense level should be 16 and the criminal history category is III, resulting in an advisory guideline imprisonment range of 27-33 months. Mr. Eberle respectfully submits that a sentence of 18 months concurrent with his state court sentence is appropriate in this case.

This case has a rather unique history. Mr. Eberle was originally charged with conspiring to

1

manufacture child pornography, manufacturing child pornography, receiving child pornography and possessing child pornography. The manufacturing charges were based on the allegation that Mr. Eberle had taken nude pictures of his minor sister-in-law before he then raped her and that Mr. Eberle then uploaded those pictures to his yahoo! photo account. The case was investigated by the Erie County District Attorney's Office who also filed a host of charges against Mr. Eberle based on the alleged rape of the minor sister-in-law. Eventually, the prosecution realized that the images found on Mr. Eberle's yahoo! account were not pictures of his sister-in-law, and the manufacturing child pornography and conspiracy to manufacture child pornography charges were dismissed. Mr. Eberle was charged in a superseding indictment with transporting and possessing the images of child pornography found on his yahoo! account and pled to those charges.

In state court, after it was realized that the pictures on Mr. Eberle's yahoo! account were not of the sister-in-law and after the sister-in-law's story changed considerably, all the charges against Mr. Eberle stemming from the alleged rape were dismissed. Mr. Eberle pled no contest to the charge of corruption of a minor which was supported by evidence that Mr. Eberle had allowed the sister-in-law to view a pornographic movie. As part of the plea agreement the Commonwealth agreed not to object to Mr. Eberle's state sentence running concurrently with his federal sentence. See Defendant's Exhibit A, p. 5-6. Because Mr. Eberle ended up being sentenced in state court prior to federal court, the state court judge was unable to order the state sentence to run concurrently with the federal sentence. Id.

Both the prosecution and defense of Mr. Eberle in federal and state court were intertwined. The United States Attorney's Office and the District Attorney's Office worked together in their efforts to prosecute Mr. Eberle both in federal and state court while the undersigned worked with Mr.

2

Eberle's counsel on the state charges to defend Mr. Eberle on both the federal and state charges. It was in this context that Mr. Eberle agreed to plead no contest in state court with the District Attorney's Office agreeing to a concurrent sentence. While the judge in state court could not effectuate that request due to the timing of the sentences, this Court can give effect to that agreement by making Mr. Eberle's federal sentence concurrent to his state sentence.

As for the length of Mr. Eberle's sentence, there is no reason why Mr. Eberle's sentence should be any longer than his wife's sentence. Indeed, Mrs. Eberle's advisory guideline imprisonment range is 30-37 months while Mr. Eberle's advisory guideline imprisonment range is 27-33 months. If the Court is prepared to give Mrs. Eberle a sentence below the advisory guideline range, Mr. Eberle should receive the same sentence. There is nothing to differentiate the two cases and any differential in sentencing would lead to unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(6). In short, Mr. Eberle should not be punished for pleading earlier than Mrs. Eberle.

WHEREFORE, the defendant, George L. Eberle, respectfully requests that this Honorable Court impose a sentence of 18 months to run concurrently with his state court sentence in Erie County Court of Common Pleas case number 1527 of 2005.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653