IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

* * * * * * * * * * * *

COMMONWEALTH OF PENNSYLVANIA   )
                               )
            -vs-               )   No. 1528 of 2005
                               )
GEORGE L. EBERLE               )

APPEARANCES:

Raquel Taylor, Esquire, 140 West Sixth Street, Erie, PA 16501 (814) 451-6349, for the Commonwealth

Vincent P. Nudi, Esquire, 1001 State Street, Suite 1417, Erie, PA 16501 (814) 480-5748, for the Defendant


SENTENCING

TRANSCRIPT OF PROCEEDINGS


Before the Honorable Shad Connelly, Judge

Held in Courtroom No. 206-A

Wednesday, June 28, 2006, beginning at 8:53 a.m.

Linda L. Latva, RMR, Official Court Reporter

RECEIVED JUL 1 3 2006 FEDERAL PUBLIC DEFENDER ERIE - W.D. PENNSYLVANIA

COPY

AND NOW, on this 28th day of June, 2006, the within matter came on for hearing before the Honorable Shad Connelly, Judge, Erie County, Erie, Pennsylvania, with the presence of the parties and counsel as listed herein.

(June 28, 2006, beginning at 8:53 a.m.)

(The Court was not present for the colloquy dealing with the appellate rights.)

THE TIPSTAFF: Could you gentlemen all please raise your right hands.

JEREMY SCHULZ,

BENNY JAMES CROSBY,

AND

GEORGE L. EBERLE,

being first duly called and sworn, testified as follows:

MS. TAYLOR: Gentlemen, we're on the record. My name is Raquel Taylor. I'm a member of the District Attorney's office, and I'm handling the proceedings today in front of Judge Connelly. You are here for different reasons. One of you is here for a bench warrant review hearing, and you have no rights that you need to be aware of at this time. The other ones of you are here for either sentencing or revocation and resentencing. Your rights are a little different, and I'll explain where the differences occur.

            First of all, you have the right to file a
postsentence motion.  It has to be in writing; it has
to include all of your requests; and you must file it
with the Clerk of Courts, which is on the first floor
of this building, 10 days from the date of your
sentencing or resentencing, as the case may be.
            You also have the right to file an appeal with
the Superior Court of Pennsylvania.  You do that by
filing a written Notice of Appeal 30 days from the
date of your sentencing or resentencing, as the case
may be.
            If you're here to be sentenced today with no
revocation attached, these are the timelines that
apply to you:  First of all, you do not have to file
a postsentence motion to preserve your right for
appeal.  You can skip that and go directly to filing
your Notice of Appeal with the Superior Court.  If
you elect to file a postsentence motion, you do not
have to file your Notice of Appeal until your
postsentence motion has been decided.  Let's assume
you do file a postsentence motion and Judge Connelly,
for whatever reason, takes no action on it for 120
days.  After 120 days it is deemed denied
automatically as a matter of law, and you have 30
days from that date to file your Notice of Appeal.

```
 1            If you're here to be revoked and resentenced,
 2       you have 30 days from today's date to file your
 3       Notice of Appeal regardless of what you decide to do
 4       with respect to a postsentence motion.
 5            If any of you gentlemen have any questions
 6       about the rights that I have reviewed with you, we'll
 7       address them when the Judge takes the bench.
 8  (The Honorable Shad Connelly entered the courtroom.)
 9            MS. TAYLOR:  Your Honor, this is the time set
10       aside for the sentencing of George L. Eberle at
11       Docket 1528 of 2005.
12            Sir, you were present in the courtroom when I
13       reviewed your rights; is that correct?
14            THE DEFENDANT:  Yes.
15            MS. TAYLOR:  Did you understand those rights?
16            THE DEFENDANT:  Yes.
17            MS. TAYLOR:  Do you have any questions?
18            THE DEFENDANT:  No.
19            MS. TAYLOR:  Please sign on the line marked
20       "defendant."
21  (The defendant complied.)
22            THE COURT:  Mr. Nudi, on behalf of Mr. Eberle.
23            MR. NUDI:  Thank you, your Honor.
24            Before I begin I did want to let your Honor
25       know that the federal matter is still outstanding.
```

1    with that in mind Mr. Eberle is not going to be
2    addressing the Court this morning.  He means no
3    disrespect but until that negotiation is over, he
4    really doesn't want to say too much.
5            With respect to these charges, as your Honor's
6    aware, there were a host of other charges.  This was
7    a plea deal where it ended up as a no-contest plea to
8    corruption.  The main thing I want to cover with your
9    Honor is the agreement from the Commonwealth with the
10   no objection to a concurrent sentence.  Because the
11   federal matter is still outstanding, it kind of makes
12   that a little bit difficult.
13           THE COURT:  I think under Pennsylvania law it
14   may make that impossible.
15           MR. NUDI:  Well, I did have a suggestion.  I
16   don't know if you're inclined to go along with it.
17   But being that that's essentially what the
18   Commonwealth wants to do, and the standard range is
19   RS to nine -- Mr. Eberle's been in since March of
20   2005, I believe -- and what your Honor can do is give
21   him a standard-range sentence; and if we backdate his
22   parole, he's not going anywhere because he's still in
23   on the federal detainer.  And then what would happen
24   is anything -- once his parole date is met, if we
25   backdate that, anything beyond that date would go

1  automatically as time served on his federal -- on the
2  federal matter.
3        So what we're asking is for a standard-range
4  sentence, which as indicated is RS to nine. We would
5  ask your Honor to consider backdating the parole date
6  to meet the Commonwealth's no objection to a
7  concurrent sentence.
8        THE COURT: I'm not sure -- what do you mean
9  "backdating the parole date"?
10       MR. NUDI: For instance, if your Honor were to
11 give him a sentence of one to twelve in the standard
12 range and then parole him -- backdate it so that like
13 after two months he is paroled, he will not be
14 getting out of prison but what will essentially
15 happen is all that time will then go to the federal
16 system.
17       THE COURT: I don't know as I'm inclined to do
18 that. It seems to me that it's up to the federal
19 system whether or not they want to give him a
20 concurrent sentence in the state system.
21       MR. NUDI: I understand that. But I guess why
22 I was addressing it with your Honor is because the
23 Commonwealth here, as part of their deal, was saying
24 they have no objection to a concurrent sentence.
25       THE COURT: I understand.

```
 1              MR. NUDI:  And this was the only way we could
 2   see to make that possible, if your Honor's inclined
 3   to award a concurrent sentence.
 4              THE COURT:  Well, again, I can't award a
 5   concurrent sentence.
 6              MR. NUDI:  I understand that.
 7              THE COURT:  Whether or not he can receive
 8   credit for time served is a different story.
 9              Well, let's see what happens here and then
10   what happens in the federal court and then come over
11   and look at the circumstances at the appropriate
12   time.
13              MR. NUDI:  Okay.  Thank you, your Honor.
14              THE COURT:  All right.  Is there anything
15   else?
16              MR. NUDI:  Nothing, your Honor.
17              THE COURT:  Is there anything you would like
18   to say to the Court, sir?
19              THE DEFENDANT:  No, sir.
20              MS. TAYLOR:  Your Honor, the victim and her
21   mother are present in the courtroom today.  The
22   victim does not wish to address the Court, but the
23   mother does.
24              THE COURT:  All right.
25                        SANDRA K. SMITH,
```

```
 1   being first duly called and sworn, testified as follows:
 2           MS. TAYLOR:  Ma'am, can you state your full
 3   name for the record.
 4           THE WITNESS:  Sandra K. Smith.
 5           MS. TAYLOR:  K, being the middle initial.
 6           Ma'am, can you state your relationship to the
 7   victim in this case.
 8           THE WITNESS:  It is my daughter.
 9           MS. TAYLOR:  Can you please tell the Court
10   what you are prepared to say.
11           THE WITNESS:  I just want to say that for the
12   last year it's been very difficult.  She's been very
13   emotional.  It's been a hard time for us all.  I
14   can't forgive them for what they've done to my
15   daughter, and I just really want them to get the
16   maximum.
17           THE COURT:  Okay.
18           MS. TAYLOR:  Your Honor, we have nothing
19   further.
20           THE COURT:  All right.  The Court has
21   considered the Pennsylvania Sentencing Code, the
22   presentence report, the Pennsylvania guidelines on
23   sentencing.  The Court has also considered the
24   statements of defense counsel and the mother of the
25   victim.  The Court has considered this defendant's
```

age, his background, his character and rehabilitative needs; the nature, circumstances, and seriousness of the offense; and the protection of the community.

While the crime in and of itself is, I suppose, disgusting -- is the best word for it -- the showing of the pornographic movie to a twelve-year-old child certainly has no place in a civilized society. And certainly, as the mother has said, may have a long-term effect on the daughter. I don't know whatever possessed you and your wife to do this, but whatever it was, it certainly wasn't anything having to do with intelligence.

The Court would note that the offense of the corrupting the morals of a minor is a misdemeanor of the first degree, and that is the only charge for which the defendant is before the Court. The defendant also comes before the Court with a prior record score of zero. The Court also notes that the standard-range sentence is between restorative sanctions and up to nine months. Under the circumstances the Court can find no significant reason to go outside that standard-range sentence. However, it is also obvious that based on the nature, circumstances, and seriousness of the crime that a sentence in the high end of the standard range of the

Case 1:05-cr-00026-SJM   Document 135-2   Filed 11/08/2006   Page 10 of 11

10


guidelines is appropriate.

The Court will therefore order as follows: The defendant will be ordered to pay the costs of prosecution, pay a fine of $100, and the defendant will be ordered incarcerated a minimum period of which will be nine months, the maximum of which will be eighteen months. The defendant will receive credit for time served from the date of his arrest, which is March 28th of 2005.

MR. NUDI: Thank you.

(Court was adjourned.)

* * * * * * * * * *

(June 28, 2006, at 9:10 a.m.)

MR. NUDI: Your Honor, I neglected to ask if Mr. Eberle was eligible for parole because he's met his minimum.

THE COURT: Yes.

MR. NUDI: And is it possible that I get that from the nine months or is that effective today?

THE COURT: No, backdate it from the nine months.

MR. NUDI: Okay. Thank you.

(Court was adjourned.)

(End of transcript.)

* * * * * * * * * * * *

```
 1                        CERTIFICATION
 2
 3          I HEREBY CERTIFY that the proceedings
 4  and evidence are contained fully and accurately in the
 5  notes taken by me on the hearing of the above cause and
 6  that this copy is a correct transcript of the same.
 7
 8
 9                              _____
                                Linda L. Latva, RMR
                                Official Court Reporter
10
11          The foregoing record of the proceedings
12  upon the hearing of the above cause is hereby approved and
13  directed to be filed.
14
15                              _____
                                Shad Connelly,
16                              Judge
17
18
19
20
21  Dated:  July 7, 2006
22
23
24
25
```